U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

NOV 15 2013

TONY R. MO~~~ ~~ERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

---

ALOYSIUS GRAHAM, individually and
on behalf of others similarly situated

CIVIL ACTION NO. 5:13-cv-1571

versus

JUDGE TOM STAGG

CHESAPEAKE LOUISIANA, L.P. AND
CHESAPEAKE OPERATING, INC.

---

## MEMORANDUM RULING

Before the court is a motion filed by the plaintiff, Aloysius Graham

("Graham"), to alter or amend a judgment and/or for a new trial, pursuant to Rule 59

of the Federal Rules of Civil Procedure. See Record Document 41. Specifically,

Graham's motion requests that the court alter or amend its judgment issued on

October 16, 2013, which granted summary judgment to the defendants, Chesapeake

Louisiana, L.P. and Chesapeake Operating, Inc. (collectively "Chesapeake"), and

dismissed all of Graham's claims with prejudice. See Record Document 40. For the

reasons set forth below, Graham's motion is **DENIED**.

# I.  PROCEDURAL HISTORY[1]

On May 28, 2013, the plaintiff filed the instant suit in Louisiana state court.

Chesapeake removed the case to federal court and filed its answer on June 10, 2013.

See Record Documents 1 and 2.  A motion to certify the class action was filed on

August 14, 2013, but a ruling on that motion was deferred pending the resolution of

Chesapeake's motion for sanctions and motion for summary judgment.  See Record

Documents 12 and 18.  Chesapeake filed motions for sanctions and for summary

judgment on August 9, 2013, both on the grounds that there was never a binding

agreement to lease that would support the plaintiff's claims for damages.  See Record

Documents 8 and 9.  This court signed a judgment on October 16, 2013, granting

Chesapeake's motion for summary judgment, dismissing all of the plaintiff's claims

with prejudice.  See Record Document 40.  The plaintiff filed the instant motion on

November 13, 2013.  See Record Document 41.

# II.  LAW AND ANALYSIS

## A.   A Motion For A New Trial Is Not The Proper Mechanism For Challenging A Court's Entry Of Summary Judgment.

An initial problem with the plaintiff's motion is that one of the forms of relief

requested is the granting of a new trial.  See Record Document 41.  However, such

---

[1] The facts of this case have been summarized in the court's previous
Memorandum Ruling.  See Record Document 39.

relief is not warranted under the circumstances because no trial occurred. Rather, the court entered summary judgment in favor of the defendants prior to trial. See Record Document 40. A motion for a new trial is not the proper motion for a party to file requesting the court reconsider an order granting the opponent's motion for summary judgment. See St. Paul Mercury Ins. Co. v. Fair Grounds Corp., 123 F.3d 336, 338-39 (5th Cir. 1997). Rather, the party against whom summary judgment was granted should file a Rule 59(e) motion to alter or amend the judgment. See id.; Corey v. Deepwater Specialists, Inc., No. 10-3354, 2013 WL 2422764 at *1 (E.D. La. June 3, 2013). Therefore, the court will construe the plaintiff's motion as a motion to alter or amend the court's summary judgment ruling.

**B.     Motion To Alter Or Amend A Judgment—Standard of Review.**

A motion to alter or amend a judgment under Rule 59(e) "is a motion that calls into question the correctness of a judgment." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). The primary purposes of motions to alter or amend a judgment are to allow parties to "correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)(internal quotations omitted). See also Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004); Benson v. Police Jury of Union Parish, No. 06-1519, 2006 WL 3843288 at *1 (W.D. La. Dec. 29, 2006). Additionally, the court can consider

whether there has been any change in the applicable law. See Benson, 2006 WL 3843288 at *1. Finally, courts can grant Rule 59(e) motions if necessary to prevent "manifest injustice." See Voisin v. Tetra Techs., Inc., No. 08-1302, 2010 WL 3943522 at *2 (E.D. La. Oct. 6, 2010). "A Rule 59(e) motion should not be used to re-litigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." See id. Motions to alter or amend judgments should be granted only in rare circumstances. See Templet, 367 F.3d at 479; Benson, 2006 WL 3843288 at *1.

The plaintiff has not presented any newly discovered evidence and there has been no change in the applicable law. The plaintiff claims that the court committed a manifest error of law and/or fact because the court "fail[ed] to appropriately apply the facts and issues herein to the applicable state law, Louisiana Civil Code Articles 1759 and 1772 . . . ." Record Document 42. The plaintiff also seems to argue there was a manifest injustice because the plaintiff assumed the deal with Chesapeake would be completed and took his property off the market, depriving him of the opportunity to negotiate with third parties and ultimately preventing him from receiving substantial bonuses and royalties due to the market conditions changing. Neither of these arguments persuades the court that it should alter or amend its previous judgment.

The memorandum ruling issued on October 16, 2013, carefully analyzed the relevant facts and applicable law.  Contrary to the plaintiff's assertions then and now, the most relevant state law provision in this case is Louisiana Civil Code article 2670, which states:

> A contract to enter into a lease at a future time is enforceable by either party if there was an agreement as to the thing to be leased and the rent, unless the parties understood that the contract would not be binding until reduced to writing or until its other terms were agreed upon.

As the court explained in its memorandum ruling, the Letter of Intent signed by Chesapeake, the plaintiff, and other members of the putative class was a letter of intent within the scope of Article 2670.  Moreover, the Letter of Intent was "subject to the execution of a mutually agreed upon paid up form of Oil and Gas Lease." Record Document 9, Ex. 7.  Thus, the parties were not bound to one another in any respect until they executed a lease form.

No lease form was executed prior to Chesapeake withdrawing its offer.  The fact that Chesapeake appears to have internally approved the use of a particular lease form is irrelevant because that lease form was never executed by the parties.  The plaintiff attempts to salvage this issue by arguing that Chesapeake's internal approval of the lease form should be used to deem the suspensive condition fulfilled under

Louisiana Civil Code article 1772. As the court made clear in its memorandum ruling, applying Article 1772 is only appropriate when there was some binding agreement between the parties, which was not the case here.

As to the plaintiff's arguments regarding good faith, the plaintiff is incorrect in contending that the court failed to address this point. Rather, the court clearly explained that the duty of good faith only applies when there was some binding agreement between the parties, and the Letter of Intent was non-binding. Although it was unfortunate that the plaintiff and others similarly situated were deprived of an opportunity to receive substantial bonuses and royalty payments by leasing their land, the applicable law is clear and unambiguous. The defendants were entitled to summary judgment and the plaintiff's instant motion has done nothing to overcome that. As previously mentioned, a motion to alter or amend a judgment "should not be used to re-litigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." Voisin, 2010 WL 3943522 at *2. The plaintiff is attempting to do just that in this motion. Therefore, the court declines to grant the plaintiff's motion to alter or amend the judgment.

### III. CONCLUSION

For the above stated reasons, Graham's motion to alter or amend a judgment and/or motion for a new trial is **DENIED**. Accordingly, Graham's motion requesting

oral argument on this matter (Record Document 43) is **DENIED.**

An order consistent with the terms of this Memorandum Ruling shall issue

herewith.

**THUS DATED AND SIGNED** at Shreveport, Louisiana this _15_ day of

November, 2013.

_____
JUDGE TOM STAGG
